MARY ADELAIDE HEATON, Plaintiff, *v*. ALMON W. GRISWOLD et al., Defendants.

(Supreme Court, New York Special Term, January, 1911.)

**Acknowledgment — Certificate — Certificate of proof by witnesses.**

> A certificate of the proof of the execution of a deed by a subscribing witness, which states that the witness resides in the city of Bergen, without naming the State, is not, for that reason, invalid, where it appears by the deed itself that the grantor lived in the State of New Jersey, though, at the time the proof was made, the former city of Bergen in that State had been consolidated with Jersey City.

MOTION to compel purchaser at a judicial sale to complete his purchase.

Mornay Williams, for plaintiff.

C. H. & J. A. Young, for Almon W. Griswold.

Lynn C. Norris, for purchaser, W. J. Pearson.

SCUDDER, J. Motion to compel a purchaser at a judicial sale to complete his purchase. The purchaser claims that the title is doubtful and unmarketable by reason of a defective acknowledgment in a deed in the chain of title. The acknowledgment which is questioned was taken in 1893, in the city, county and State of New York, and was made

by a subscribing witness. The statute then in force required the certificate of such an acknowledgment to state the witness' place of residence. The certificate in question states that the acknowledging witness " resides in the City of Bergen, in the State," the name of the State being omitted. Although at the time when the acknowledgment was taken the former city of Bergen, in the State of New Jersey, had been consolidated with Jersey City, nevertheless the locality of the former city remained a matter of general knowledge, and the name Bergen or city of Bergen continued to be used to a greater or less extent in describing such locality. It also appears from the deed itself that the grantor named therein resided in New Jersey at Hackensack. From these facts and circumstances it seems to me that the certificate sufficiently describes the place of residence of the acknowledging witness, or at least sufficiently furnishes information from which it may be ascertained.

Motion granted. Settle order on notice.